UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JUSTIN JOSEPH CERRUTI,<br><br>        Defendant. | No. CR-06-024-EFS<br><br>ORDER GRANTING DEFENDANT'S SECOND MOTION TO RECONSIDER SETTING CONDITIONS OF RELEASE AND SETTING STATUS HEARING<br><br>---- **ACTION REQUIRED** ----<br><br>-- **DATE TO BE CALENDARED** -- |

BEFORE THE COURT is Defendant's Motion to Reconsider Setting Conditions of Release (Ct. Rec. 65), noted for hearing without oral argument.

Defendant represents, through declaration from Mr. Smith, that he is fully aware of all allegations in this matter, including the allegation Defendant's mother purchased a firearm for him for protection due to a death threat. Accordingly, if Mrs. Smith also has no objections to Defendant residing in the Smith home and if the Smiths are willing to co-sign an appearance bond, Defendant may be released into electronic monitored home detention on the day of his first counseling appointment, provided the chemical dependency counseling dates are in place and confirmed by Pretrial Services.

ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER SETTING
CONDITIONS OF RELEASE AND SETTING STATUS HEARING – 1

**IT IS ORDERED** Defendant's Motion **(Ct. Rec. 65)** is **GRANTED.** Defendant shall be released on the following conditions:

1. Defendant shall participate in intensive outpatient treatment. **Prior to release, an appointment for Defendant's first intensive outpatient treatment session must be made by Defendant and confirmed by Pretrial Services.** The treatment program must be in place and Defendant shall not be released until the day of his first appointment. **If Defendant fails in any way to comply or cooperate with the requirements of the outpatient treatment program, Pretrial Services and the parties are directed to immediately notify the court. Treatment shall not interfere with the Defendant's court appearances.** Full mutual releases shall be executed to permit communication between the court, Pretrial Services, and the treatment vendor. If random urinalysis testing is not conducted by the treatment provider, Defendant shall be subject to random urinalysis testing by the United States Probation Office, not to exceed six times a month.

2. Defendant shall reside with Mr. and Mrs. Smith. Either Mr. or Mrs. Smith shall transport Defendant to all treatment appointments, unless Pretrial Services permits transport by another responsible individual.

3. **Except for 1½ hours each week for attendance at spiritual services, court-related appearances, and outpatient treatment appointments, the Defendant shall remain under home detention.** The Defendant shall participate in a program of electronically monitored home confinement. The Defendant shall wear, at all times, an electronic monitoring device under the supervision of U.S. Probation. In the event the Defendant does not respond to

electronic monitoring or cannot be found, U.S. Probation Officers shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall be responsible for all costs of electronic monitoring.

    4.   Defendant shall not commit any offense in violation of federal, state or local law.

    5.   Defendant shall advise the court and the United States Attorney in writing before any change in address, and he must have prior permission from the court to change addresses.

    6.   Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

    7.   Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

    8.   Defendant shall remain in the Eastern District of Washington while the case is pending. On a showing of necessity, Defendant may obtain prior written permission to leave this area from the United States Probation Office.

    9.   Defendant shall not possess a firearm, destructive device or other dangerous weapon.

    10.   Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

    11.   Defendant shall refrain from the use of alcohol, and the use or possession of a narcotic drug and other controlled substances

defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. **There shall be no alcohol or unlawful drugs in the residence where Defendant is residing.**

12. Defendant shall report to the United States Probation Office before or immediately after his release and shall report as often as they direct, at such times and in such manner as they direct, but at least three times a week by telephone. Defendant shall contact his attorney daily by telephone.

13. Defendant shall post a $15,000 appearance bond, **to be co-signed by both Dustin and Dawn Smith.**

14. **Mr. and Mrs. Smith shall sign a copy of this Order, to be kept in Pretrial Services' file, to evidence they have read, understand and agree to these conditions of release.**

15. Defendant shall appear for a status hearing on **February 2, 2007, at 9:30 a.m.**, before the undersigned.

**Defendant is advised a violation of any of the foregoing conditions of release may result in the immediate issuance of an arrest warrant, revocation of release and prosecution for contempt of court, which could result in imprisonment, a fine, or both. Specifically, Defendant is advised a separate offense is established by the knowing failure to appear and an additional sentence may be imposed for the commission of a crime while on this release. In this regard, any sentence imposed for these violations is consecutive to any other sentence imposed.**

**IT IS FURTHER ORDERED** the United States Marshal shall keep Defendant in custody until notified by the District Court Executive or judicial officer that Defendant has posted bond and/or complied with all other conditions for release. Until such time, Defendant

shall be produced before the appropriate judicial officer at the time and place specified.

DATED January 22, 2007.

```
                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE
```

READ, UNDERSTOOD AND AGREED TO:

_____
DUSTIN SMITH                    Date

_____
DAWN SMITH                      Date

ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER SETTING
CONDITIONS OF RELEASE AND SETTING STATUS HEARING - 5